## STANDRIDGE v. STATE.

No. A-11680. Aug. 6, 1952.

Rehearing Denied Sept. 24, 1952.

(248 P. 2d 249.)

Leonard G. Geb, Ponca City, and A. H. Huggins, Norman, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, J. The plaintiff in error, Otis W. Standridge, hereinafter referred to as defendant, along with his wife, Loree Irene Standridge and his half brother, John Standridge, were jointly charged in the district court of Kay county with the larceny of cattle. Thereafter, on June 13, 1951, the case came on for trial as to Otis W. Standridge, John Standridge then being incarcerated in the Arkansas State Penitentiary. The jury returned a verdict finding the defendant guilty as charged and fixing his punishment at three years in the State Penitentiary. Petition in error with case-made attached was duly filed in this court within the time prescribed by law, and thereafter the defendant was granted 60 days additional time in which to file brief, and thereafter the case was set for oral argument for March 19, 1952, but on request for counsel for defendant, was stricken and re-set for May 28, 1952, at which time the case was submitted on the record. No briefs have been filed.

The evidence developed that some time around midnight on Monday, January 22, 1951, or the early morning of January 23, 1951, a cattle truck belonging to Les Wineinger residing at Arkansas City, Kansas, was stolen from in front of his home there, and the same night fifteen head of cattle were loaded out from the Newkirk Sales Company, managed by Allen Wilson, and from plaster cast of tire marks, compared with the tires on this truck, which was later recovered, and from the evidence of persons purchasing the cattle at the Ozark Livestock Commission of North Little Rock, Arkansas, shown to have been unloaded from this truck late in the afternoon of January 23, 1951.

The evidence further developed that the truck in question was seen parked one and one-half blocks west of Main street, Newkirk, between 1:00 and 2 o'clock the morning of January 23, 1951. The tracks of the truck were traced to the Newkirk Sales Company place nearby. The cattle sold in two groups, and a check was issued for the first group on the late afternoon of January 23, in the amount of $830.95, and a check for the second group was issued the next afternoon for $1,735.30 Marnell Brockman, cashier for the Ozark Livestock Commission Co., testified that she handed the checks in question to the defendant's brother, John Standridge who had given his name as John Higgins. A. L. Rodman of the same firm positively identified the defendant as the man who drove the truck from which the 15 head of cattle in question were unloaded at the Ozark Livestock Commission Company. Defendant claimed to be from Russellville, Arkansas. Other witnesses identified the defendant and the truck, which was later abandoned 20 to 30 miles northeast of Little Rock. The evidence further showed that the defendant, his wife and brother, after the sale of the cattle, went to the Phil Schwartz Motor Company in Little Rock and purchased a 1950 model convertible Hudson car, and there was traded in on it a 1947 four-door Super Six Hudson, a check for $1,735 from the Ozark Live Stock Commission Co., and $115 in cash was paid. These parties departed for Florida and later were apprehended by the Oklahoma Highway Patrolmen between Tulsa and Pawhuska. The title to the car traded in was in the names of Henry Pearl Gibby and John Higgins, and it was shown that John Standridge was going by the name of John Higgins, and that the defendant Otis Standridge was going by the name of Henry Pearl Gibby.

The sheriff of Kay county testified that the defendant Otis Standridge, then going by the name of Henry Pearl Gibby, told him that there was no use of his confessing in that his brother John was willing to go down and do time for the stealing. The defendant later signed a statement admitting that he was in Wichita, Kansas, with his wife and brother on January 21, 1951, and agreed to see the brother in Little Rock and did see him there, where they purchased

the Hudson together, but defendant disclaimed knowledge of the cattle stealing. The defendant John Standridge confessed to stealing the cattle and attempted to exonerate his brother, and the defendant attempted to prove an alibi.

There was ample evidence to sustain the verdict of the jury and the judgment of the court. See Riner v. State, 82 Okla Cr. 442, 172 P. 2d 345; Pierce v. State, 89 Okla. Cr. 93, 205 P. 2d 1171.

We have carefully examined the record and studied the instructions given the jury, and find that the issues were fairly submitted. The court even gave an instruction on circumstantial evidence, when he was not required so to do, in that part of the evidence was direct.

The case is affirmed.

BRETT, P. J., and JONES, J., concur.